Appeal from decision and award of Workmen’s Compensation Board. Claimant, who had worked for the employer for twenty years, was engaged in the operation of a metal pressing machine for making tin cans on August 4, 1947. He testified that the machine suddenly jammed; the brake broke and he tried to stop it and lost control of the machine. These facts have been found by the board. The finding of an accident is not challenged here. Claimant became frightened, nervous, and broke into profuse perspiration. He testified he was taken to the first aid room, given some medicine, and after a period at rest was sent home in a company car. He was examined by a company doctor and treated by a company nurse. His foreman saw him assisted by fellow workers aw„ay from the machine. The company doctor advised that claimant not be put to work on that machine again until he had a certificate of fitness from his own physician. The claimant’s own physician felt he had a nervous disorder and he was referred by him to a mental hygiene clinic where he was treated as an out-patient for almost a year. A physician who first saw claimant December.il, 1948, stated it to be his opinion that claimant was suffering from anxiety neurosis, cerebral injury due to shock accompanied by enumerated nervous symptoms, and the conditions found and the symptoms observed were causally related to the accident described. There is thus proof in the record of an accident and of physical results of the accident sufficient to sustain the findings of the board in these respects. No claim for compensation was filed by the claimant until a year after the accident, August 9, 1948. The board found that written notice of injury was not filed within the time prescribed by section 18 of the Workmen’s Compensation Law, but it found that “ employer had knowledge of the accident and injuries within 30 days” and that the employer was not prejudiced by failure to receive such written notice. While the foreman, nurse and company physician may have believed that claimant was ill from other than accidental causes, still the sudden and acute illness of a worker operating machinery is the kind of a condition which a careful prudent management might associate with industrial accident. Industrial casualty may occur without manifest or bloody trauma, and the circumstances here are sufficient to support the board’s finding that the employer had knowledge of the accident and injury within thirty days. Appellant argues that in any event the proof does not support a disability arising from the accident prior to the time (December 11, 1948) that the physician who first associated the accident with the physical conditions described had initially examined claimant. There was, however, proof of a continuance of substantially the same symptoms from the time of accident to time of examination, including a long course of treatment in an out-patient department of the mental hygiene clinic. The date of medical evaluation is not the only proof on this subject. If there is an error in the date in August, 1947, at which disability began, correction should be sought before the board which has continuing jurisdiction of this subject. Decision and award unanimously affirmed, with costs to the Workmen’s Compensation Board. Present — Poster, P. J., Heffeman, Brewster, Bergan and Coon, JJ. [See 278 App. Div. 628.]